```
 1              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF TENNESSEE
 2                 AT KNOXVILLE, TENNESSEE
   _____
 3                                 )
   UNITED STATES OF AMERICA,       )
 4                                 )
           Government,             )
 5                                 )
   vs.                             ) Case No. 3:15-cr-27
 6                                 )
   LUCA SARTINI,                   )
 7                                 )
           Defendant.             )
 8 _____)
```

 9    **VIDEO DIGITALLY-RECORDED INITIAL APPEARANCE/ARRAIGNMENT**
                        **PROCEEDINGS**
10          **BEFORE THE HONORABLE DEBRA C. POPLIN**

11                    **Friday, June 26, 2020**
                   **3:56 p.m. to 4:23 p.m.**
12
   <u>**APPEARANCES**</u>:
13
                  <u>**ON BEHALF OF THE GOVERNMENT**</u>:
14
                  TRACY STONE, ESQ.
15                U.S. DEPARTMENT OF JUSTICE
                  OFFICE OF U.S. ATTORNEY
16                800 Market Street
                  Suite 211
17                Knoxville, TN 37902

18
                  <u>**ON BEHALF OF THE DEFENDANT**</u>:
19
                  WESLEY D. STONE, ESQ.
20                STONE LAW FIRM, PLLC
                  100 West Summit Hill Drive SW
21                Knoxville, TN 37902

22
   <u>**REPORTED BY**</u>:
23
   Teresa S. Grandchamp, RMR, CRR
24 P.O. Box 1362
   Knoxville, Tennessee 37901
25 (865) 244-0454

1          THE COURTROOM DEPUTY:  All rise.

2          This court is again in session with the

3    Honorable Debra C. Poplin, United States Magistrate

4    Judge, presiding.

5          Please come to order and be seated.

6          We are here for an initial appearance and

7    arraignment hearing in Case 3:15-cr-27, United States of

8    America versus Luca Sartini.

9          Here on behalf of the government is Tracy

10   Stone.

11         Is the government ready to proceed?

12         MR. TRACY STONE:  Yes, Your Honor.

13         THE COURTROOM DEPUTY:  And here on behalf of

14   the defendant is Wesley Stone.

15         Is the defendant ready to proceed?

16         MR. WESLEY STONE:  Present and ready, Your

17   Honor.

18         THE COURT:  Good afternoon.  Mr. Sartini, can

19   you see and hear me?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  All right.  Thank you.

22         I'm looking at you in the monitor.  You may see

23   me, my profile, but I am looking straight at you in the

24   monitor.

25         All right.  You are here today, Mr. Sartini,

because you have been charged with certain felonies in a

Fourth Superseding Indictment that has been returned by

the Grand Jury for the Eastern District of Tennessee.

The purpose of today's --

MR. STONE:  Your Honor, may I -- may I

interrupt, Your Honor?

THE COURT:  Yes, Mr. Stone.

MR. TRACY STONE:  I'm sorry.  But because of

the way the extradition worked, we're actually

proceeding under the Third Superseding Indictment --

THE COURT:  All right.

MR. TRACY STONE:  -- and not the Fourth.  I'm

sorry if that was unclear.

THE COURT:  Okay.

MR. TRACY STONE:  And I have it in front of me

and all the penalties and everything ready --

THE COURT:  All right.  Thank you, Mr. Stone.

MR. TRACY STONE:  -- but -- okay.

THE COURT:  All right.  Mr. Sartini, if you

heard government's counsel, Mr. Stone, he was explaining

to the Court that they are proceeding under the Third

Superseding Indictment and not the Fourth.

So we -- what we need to do here today is to

make sure you understand the nature of the charges that

are set forth in that Third Superseding Indictment.

1          I will be going over your rights with you.  I

2    will be making sure you have counsel appointed, and then

3    we will be looking at future scheduling for this matter.

4          In order to get us started, I need to ask you a

5    few preliminary questions and they need to be answered

6    under oath.  You certainly can remain seated, but if you

7    could please raise your right hand to be sworn in.

8          (The witness was thereupon duly sworn.)

9          THE COURT:  Mr. Sartini, if you could start,

10   please, by stating your full name.

11         THE DEFENDANT:  Lucas Sartini.

12         THE COURT:  And what is your age, Mr. Sartini?

13         THE DEFENDANT:  Age 60.

14         THE COURT:  How far did you go with your

15   education, sir?

16         THE DEFENDANT:  I -- I studied for

17   architectural engineering.

18         THE COURT:  All right.

19         THE DEFENDANT:  But I -- I -- there is a degree

20   that allows me to build up to two stories, two-stories

21   building.

22         THE COURT:  Okay.

23         THE DEFENDANT:  I acquired it academically.

24   And then I kept studying engineering.

25         THE COURT:  All right.  Thank you.

1           THE DEFENDANT:  Mostly in that field, Your
2    Honor.

3           THE COURT:  Okay.  Thank you, sir.

4           All right.  Are you currently under the
5    influence of any drugs, alcohol, or any other substance
6    that could affect your ability to understand what we are
7    doing here today?

8           THE DEFENDANT:  Absolutely not, Your Honor.
9    I'm just very tired and very cold.

10           THE COURT:  Okay, sir.  Are you presently
11    suffering from any physical or mental condition that
12    could affect your ability to understand what we are
13    doing here today?

14           THE DEFENDANT:  I don't believe so.  Just very
15    high blood pressure (unintelligible).

16           THE COURT:  I'm sorry; could you repeat the
17    last part?

18           THE DEFENDANT:  I'm sure that that cannot
19    be (unintelligible).  Just very heart -- very heart
20    beating.  Very strong heartbeat sometimes.

21           THE COURT:  Okay.  If at any point during the
22    hearing, if you need to take a moment to pause, if you
23    need me to repeat something, just let me know; okay?

24           THE DEFENDANT:  Thank you very much, Your
25    Honor.

1          THE COURT:  All right.  In speaking with

2    Mr. Wesley Stone before we started with our hearing,

3    were you able to communicate with him?

4          THE DEFENDANT:  For a short time, yes, I did.

5          THE COURT:  All right.  Thank you.

6          I'm going to make a finding that you are

7    competent to proceed.  So, based on that finding, I want

8    to now review your rights with you.

9          The first right I want to go over with you is

10   your right to remain silent.  I need to make sure you

11   understand all of the charges that are being alleged.

12   I'm not going to ask you any questions about those and

13   you are not required to make any statements during this

14   hearing.

15         If you waive your right to remain silent and

16   make any statements regarding the charges, then whatever

17   you say could be used against you in this proceeding or

18   in another proceeding.

19         Do you understand that you have the right to

20   remain silent?

21         THE DEFENDANT:  I think I do, Your Honor.

22         THE COURT:  All right.  The next right I wish

23   to review with you is your right to be represented by an

24   attorney.  You have the right to have an attorney with

25   you when you are being questioned by law enforcement

1    officials.  You have the right to have your attorney

2    with you representing you in court and the right to

3    consult with your attorney to prepare for your court

4    appearances.

5            If you can afford to hire an attorney, you may

6    do so and hire one of your own choosing.  If you cannot

7    afford to do that, you can request that the Court

8    appoint an attorney to represent you at no cost to you,

9    provided you meet certain financial qualifications.

10           Do you understand that you have the right to be

11   represented by an attorney?

12           THE DEFENDANT:  Yes.

13           THE COURT:  All right.  Thank you.

14           Given the time constraints of today, the Court

15   was unable to receive a financial affidavit that would

16   set forth the information needed for the Court to make a

17   determination about appointment of counsel.

18           Mr. Sartini, what I want to do today is to ask

19   Mr. Stone if he will accept representation, and he will

20   continue as your -- as your attorney for the time being,

21   unless and until there is some later substitution.

22           Mr. Stone, what I will need for you to do is to

23   meet with Mr. Sartini over the next week and complete a

24   financial affidavit to submit for the Court's

25   consideration.

```
 1            MR. WESLEY STONE:  I will do that, Your Honor.
 2    I'll take care of that.  When do you need that by?
 3            THE COURT:  If you could have that submitted by
 4    next Friday, it would be most appreciated.
 5            MR. WESLEY STONE:  Okay.  Thank you, Your
 6    Honor.
 7            THE COURT:  And, Mr. Sartini, once the Court
 8    receives that financial affidavit, the Court will make a
 9    determination as to whether you can proceed with
10    court-appointed counsel or whether you will need to
11    retain your own private counsel.  Do you understand
12    that?
13            THE DEFENDANT:  Yes.  Thank you, Your Honor.
14            THE COURT:  All right.  So, Mr. Wesley Stone is
15    now appointed as your attorney and will be serving as
16    your official counsel for the time being and unless and
17    until there is a later substitution.
18            All right.  Now that you have counsel
19    appointed, we are going to turn our attention to the
20    Third Superseding Indictment.
21            And, Mr. Stone, did you have an opportunity to
22    review the charges with Mr. Sartini?
23            MR. WESLEY STONE:  Your Honor, I have to say
24    that I have not had an opportunity to review that with
25    him.  It's 81 pages long.  And I was hoping to get a
```

```
1    little more information from Mr. Tracy Stone when he
2    went through the possible charges and what he's charged
3    with.  So, I apologize.  I've not had that opportunity.
4            THE COURT:  All right.  Well, since we were
5    going to go forward with the arraignment, do you want to
6    have a few minutes with Mr. Sartini after Mr. Stone goes
7    through the charges?
8            MR. WESLEY STONE:  If that's okay.
9            THE COURT:  Okay.
10           MR. WESLEY STONE:  Please.
11           THE COURT:  All right.  All right.  Under
12   the -- those circumstances, Mr. Stone, Tracy Stone, I'll
13   ask if you would please go over the charges in the Third
14   Superseding Indictment.
15           MR. TRACY STONE:  Sure, Your Honor.
16           Starting from the beginning, from the first
17   page -- and this Document 278, 2-7-8.  The first several
18   pages are just general allegations to give background.
19   They're not charges themselves.
20           The first count actually starts on page 11.  So
21   the first ten pages are sort of background information.
22           And Count One charges a RICO conspiracy in
23   violation of Title 18 United States Code § 1962(d), and
24   it charges Mr. Sartini, along with Luigi Palma, Ben
25   Rodriguez, and Sylvia Hofstetter, with violating certain
```

provisions of that statute.  And just in short, it has
to do with pain management clinics in Hollywood, Florida
and the Knoxville, Tennessee area.

And it is a -- it is a rather lengthy count
that I won't go through all the details.  There are a
number of paragraphs, but it does charge a RICO
conspiracy.

Then the next count -- let me -- let me pause.
This may be an important clarification, given the
extradition posture that we're in:  Some of these
counts, and I'll point out as we go through, have notice
of special sentencing factors because of some deaths
that were alleged to have resulted from these charges.
The -- as the extradition proceedings transpired in
Italy, the extradition of Mr. Sartini was conditioned on
the removal of -- of any death charges or death
enhancements for a possible life sentence as a maximum
sentence.

So the way that the United States under our
treaty with Italy received Mr. Sartini back, it was
under that understanding and that agreement.

So Mr. Wesley Stone and the Court and
Mr. Sartini will notice on page 37, there is a notice of
special sentencing factors for Count One; however, that
will not apply to Mr. Sartini in this case.

1      Then there are forfeiture allegations starting

2  on page 39.  First and foremost, there are some bank

3  accounts that were seized, but primarily for -- it's the

4  money judgment that is probably most important.  There

5  is a money judgment in the amount of around $21 million

6  dollars, as I recall.

7      Then Count Two starts on page 43 and alleges a

8  conspiracy to distribute controlled substances in

9  violation of Title 21 United States Code § 846.  It

10 charges Mr. Sartini and others with essentially being

11 involved in a drug distribution conspiracy.  And there

12 are -- again, that relates to these pain clinics that

13 I've already mentioned.

14      Likewise, at the bottom of page 43, the Court

15 and counsel and Mr. Sartini will note the enhanced

16 penalty provision that will not apply to Mr. Sartini.

17 Then there are, again, forfeiture allegations that

18 mirror the same allegations for Count One.

19      Then Count Three is a money laundering

20 conspiracy starting on page 49 in violation of Title 18

21 United States Code § 1956(h) charging Mr. Sartini and

22 others of violating federal money laundering statutes in

23 a variety of ways from concealment and promotion.

24      Then we have -- these counts do not apply to

25 Mr. Sartini; they applied to Ms. Hofstetter only.  Those

1  are Counts Four through Eight.  Those were specific

2  substantive money laundering offenses.  So, again, those

3  counts do not apply to Mr. Sartini.

4          The next count that applies to him would be

5  Count Nine on page 55, which is alleged -- which alleges

6  that he was involved in maintaining a drug-involved

7  premises called Urgent Care & Surgery Center and

8  Comprehensive Healthcare Systems located in Lenoir City,

9  Tennessee, in violation of 21 United States Code §§

10  850- -- 856(a)(1), and under an aiding and

11  abetting -- aiding and abetting theory of prosecution,

12  also under 18 United States Code § 2, and alleges that

13  Mr. Sartini and others essentially ran a premises there

14  for the purpose of distributing drugs.

15          The same count with a different location is

16  alleged in Count Ten against Mr. Sartini and others for

17  a location on Gallaher View Road in Knoxville.

18          Then he is not charged in Count Eleven.

19          He is charged in Count Twelve on page 57 at the

20  bottom of specific drug distribution in violation of

21  Title 18 United States Code § 841, and that distribution

22  is alleged to have occurred on February 10, 2014.

23          Turning the page to page 58, we'll notice

24  another one of those enhanced penalty sections that will

25  not apply to Mr. Sartini.

1        Then we finish up with a conspiracy to violate

2   the anti-kickback statutes of the United States, as well

3   as money laundering counts.  And, again, that section on

4   page 59 starts with some general allegations and some

5   background.  The actual count begins on page 60 with a

6   conspiracy to defraud the United States and to solicit

7   and receive healthcare kickbacks in violation of

8   Title 18 United States Code § 371.  That's the

9   conspiracy statute.  And then the anti-kickback statute

10  is Title 42 United States Code § 1320a-7b(b)(1)(A).  And

11  that -- those allegations are against Mr. Sartini and

12  Mr. Palma.

13        Then we have language explaining the

14  conspiracy.  And then we have some forfeiture

15  allegations for that again on page 66.

16        And then finally the last count on page 67, the

17  money laundering conspiracy under 18 United States Code

18  § 1956(h).  This time, though, related to the

19  anti-kickback statutes, the anti-kickback allegations.

20        And that's -- that's the entirety of the

21  indictment.

22        THE COURT:  All right.  Thank you, Mr. Stone.

23        Mr. Wesley Stone, would you like a few moments

24  to speak with Mr. Sartini to review these?

25        MR. WESLEY STONE:  Just a couple of minutes,

1    Your Honor, please.

2            THE COURT:  All right.  We'll be putting you in

3    a separate room where you can discuss with privacy.

4            MR. WESLEY STONE:  All right.  Thank you.

5            THE COURT:  Uh-huh.

6            (A brief recess was taken.)

7            THE COURTROOM DEPUTY:  All right.  Here we go.

8    He's back.

9            THE COURT:  All right.  Can you see and hear me

10   all right, Mr. Sartini?

11           THE DEFENDANT:  Yes, I do, Your Honor.

12           THE COURT:  Okay.  Thank you.

13           All right.  Mr. Stone, did you have sufficient

14   time to go over the indictment?

15           MR. WESLEY STONE:  I did, Your Honor.  Thank

16   you for that opportunity.

17           THE COURT:  All right.  And could you please

18   advise the Court as to whether you feel Mr. Sartini

19   understands the charges and whether or not he wants a

20   formal reading?

21           MR. WESLEY STONE:  He does understand the

22   charges.  He does not want a formal reading.

23           THE COURT:  All right.  Thank you.

24           All right.  Mr. Sartini, I now just need to ask

25   you a question requiring a yes or no answer, and that

1  is:  After having reviewed the Third Superseding

2  Indictment with your attorney, Mr. Stone, do you feel

3  that you understand the nature of the charges that are

4  alleged?

5          THE DEFENDANT:  Yes, I do.

6          THE COURT:  All right.  Thank you.

7          Counsel for the government, Mr. Stone, I'll ask

8  you if you will please now review with Mr. Sartini the

9  potential range of penalty associated with each of the

10  counts.

11          MR. TRACY STONE:  Yes, Your Honor.

12          Going back to Count One, which is the RICO

13  conspiracy, if con- -- if convicted, Mr. Sartini could

14  face prison of up to 20 years, a fine of up to $250,000,

15  a term of supervised release of up to five years,

16  criminal forfeiture, a $100 special assessment, and, as

17  I mentioned, a money judgment in excess of $21 million

18  dollars.

19          Under Count Two, which is the drug trafficking

20  conspiracy, if convicted, the penalties are very

21  similar.  Another term of imprisonment of up to

22  20 years, a fine of up to one million dollars, a term of

23  supervised release of at least three years, criminal

24  forfeiture, a $100 special assessment, and the same

25  money judgment possibility under forfeiture.

1          Under Count Three, the penalties again are

2    somewhat similar.  Here again, we -- he would face a

3    maximum term of imprisonment of up to 20 years, a fine

4    this time of up to $500,000, or twice the value of the

5    property involved with the transactions, whichever is

6    greater, a term of supervised release of up to three

7    years, criminal forfeiture, and a $100 special

8    assessment.

9          Jumping ahead to Count Nine -- excuse

10   me -- Counts Nine and Ten, those penalties are the same.

11   So I'll just go over them together.  But these penalties

12   would be for each of Counts Nine and Ten.  If convicted,

13   Mr. Sartini could face imprisonment of up to 20 years, a

14   fine of up to $500,000, a term of supervised release of

15   up to three years, criminal forfeiture, and a $100

16   special assessment.

17         Jumping ahead to Count Twelve, which is the

18   drug distribution under § 841 of Title 21 United States

19   Code.  If convicted, much like Count Two, it would be a

20   term of imprisonment of up to 20 years, a fine of up to

21   one million dollars, a term of supervised release of at

22   least three years, criminal forfeiture, and a $100

23   special assessment.

24         As to Count Thirteen, which is the fraud

25   conspiracy involving the anti-kickback violations, he

would face a term of imprisonment of up to five years, a
fine of up to $250,000, a term of supervised release of
up to three years, restitution, and a special assessment
of $100.

And, finally, as to Count Fourteen, which is
the second money laundering conspiracy, the penalties
are the same as the first one, which is Count Three, and
that is a term of imprisonment of up to 20 years, a fine
of up to one million dollars, a term of supervised
release of at least three years, criminal forfeiture,
and a $100 special assessment.

THE COURT:  Thank you.

Mr. Sartini, did you hear and understand the
statements made by government's counsel regarding the
potential range of penalty for all of the counts in the
indictment?

THE DEFENDANT:  I did, Your Honor.

THE COURT:  Okay.  Thank you.

The Court will make a finding that Mr. Sartini
has represented that he has consulted with counsel and
understands the nature of the charges set forth in the
Third Superseding Indictment and that he understands the
potential range of penalty as set forth by the
government for each count.

So, based on that finding, Mr. Wesley Stone,

1  are you prepared to enter a plea on Mr. Sartini's

2  behalf?

3       MR. WESLEY STONE:  Your Honor, Mr. Sartini

4  would enter a plea of not guilty.

5       THE COURT:  All right.  The not-guilty plea

6  will be accepted and entered.

7       We need to now turn our attention to the

8  scheduling in this case.  This is set before District

9  Judge Varlan.  The trial will be scheduled for September

10  the 1st.  The discovery cutoff will be July 10th.  The

11  motion cutoff date, July 31st.  Responses due

12  August 14th.  We'll have a pretrial conference August

13  the 20th at 11:00 a.m.  The reciprocal cutoff date, as

14  well as the plea deadline, will be August the 20th.

15       Okay.  What's the government's position on bond

16  or detention?

17       MR. TRACY STONE:  We're moving for detention,

18  Your Honor.

19       THE COURT:  Mr. Stone, what is your position on

20  behalf of Mr. Sartini?  Are you requesting a hearing?

21       MR. WESLEY STONE:  Your Honor, we are waiving

22  our right to a hearing today, but reserving our right to

23  have one later, should we want one.

24       THE COURT:  All right.  Mr. Sartini, with that,

25  I want to make sure you understand that you would

1   currently remain in custody, and while you are not

2   requesting to have a hearing today, you can ask to have

3   that hearing at later date should you and your attorney

4   deem that appropriate.  Do you understand that?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right.  We will need to put

7   your signature of acknowledgment on a document which

8   will be entitled a Waiver of Hearing.

9          Since we are conducting this by video with your

10   acknowledgment that you understand that you're currently

11   remaining in custody and you're waiving your right to a

12   hearing today but reserving the request to ask for a

13   later date, we are going to apply your initials

14   electronically to that form to suffice as your

15   signature.  Do you understand that, Mr. Sartini?

16          THE DEFENDANT:  Yes, I do, Your Honor.

17          THE COURT:  All right.  Okay.  With that, is

18   there anything further on behalf of the government that

19   we need to address this afternoon?

20          MR. TRACY STONE:  No, Your Honor.  Thank you.

21          THE COURT:  All right.  And, Mr. Stone,

22   anything further on behalf of Mr. Sartini that we need

23   to take up?

24          MR. WESLEY STONE:  No, Your Honor.  Thank you.

25          THE COURT:  All right.  Thank you for your

1   participation by video today.

2           MR. WESLEY STONE:  Thank you.

3           THE COURT:  We'll stand adjourned.

4           MR. TRACY STONE:  Thank you, Your Honor.

5           THE COURT:  Thank you.

6           THE COURTROOM DEPUTY:  All rise.  This

7   honorable court stands adjourned.

8           (Which were all the proceedings had and

9            herein transcribed.)

10                      *  *  *  *  *  *  *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    C-E-R-T-I-F-I-C-A-T-E

 2   STATE OF TENNESSEE

 3   COUNTY OF KNOX

 4            I, Teresa S. Grandchamp, RMR, CRR, do hereby

 5   certify that I reported in machine shorthand the above

 6   digitally-recorded proceedings to the best of my ability

 7   to hear and understand the recorded proceedings; that

 8   the foregoing pages were transcribed under my personal

 9   supervision and constitute a true and accurate record to

10   the best of my ability to hear and understand the

11   digitally-recorded proceedings.

12            I further certify that I am not an attorney or

13   counsel of any of the parties, nor an employee or

14   relative of any attorney or counsel connected with the

15   action, nor financially interested in the action.

16            Transcript completed and signed on Tuesday,

17   November 9, 2021.

18

19

20

21

23            _____
              TERESA S. GRANDCHAMP, RMR, CRR
24            Official Court Reporter

25
```